## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JULIAN SOTO GONZALEZ, | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | Civil No.: 2:26-cv-02557 |
| | : | |
| J.L. JAMISON, et al., | : | |
| Defendants. | : | |

## ORDER

**AND NOW**, this 23rd day of April, 2026, upon consideration of the Verified Petition for

Writ of Habeas Corpus (ECF No. 1) and the Government's Letter dated April 23, 2026 (ECF No.

3), **IT IS HEREBY ORDERED** as follows:

    1.    The Petition (ECF No. 1) is **GRANTED**;[1]

---

[1] Mr. Soto Gonzalez is a twenty-year-old citizen of Guatemala and has resided in the United States since he entered without inspection on or around March 22, 2025. *See* Verified Pet. for Writ of Habeas Corpus ("Habeas Pet.") ¶¶ 1, 28 (ECF No. 1). When he entered the United States in 2025, he had no contact with immigration officials. *See id.* ¶ 2. Mr. Soto Gonzalez applied for asylum on November 1, 2025. *See id.* ¶ 30. On April 16, 2026, immigration officials arrested Mr. Soto Gonzalez and he is currently detained at the Federal Detention Center in Philadelphia, Pennsylvania. *See id.* at ¶ 31. He has been denied access to a bond hearing. *See id.* at ¶ 4.

The Government contends that (1) this Court lacks jurisdiction to intervene in removal proceedings, (2) Mr. Soto Gonzalez is lawfully detained pursuant to 8 U.S.C. § 1225(b)(2), and (3) Mr. Soto Gonzalez's detention does not offend due process. The vast majority of federal courts, including this Court, have rejected these arguments. *See e.g., Buele Morocho v. Jamison*, No. CV 25-5930 (E.D. Pa. Nov. 26, 2025); *Patel v. McShane*, No. CV 25-5975, 2025 WL 3241212 (E.D. Pa. Nov. 20, 2025); *Ndiaye v. Jamison*, No. CV 25-6007, 2025 WL 3229307 (E.D. Pa. Nov. 19, 2025); *Demirel v. Fed. Det. Ctr. Phila.*, No. 25-5488, 2025 U.S. Dist. LEXIS 226877 (E.D. Pa. Nov. 18, 2025); *Kashranov v. Jamison*, No. 25-5555, 2025 WL 3188399 (E.D. Pa. Nov. 14, 2025); *Cantu-Cortes v. O'Neill*, No. 25-6338, 2025 WL 3171639 (E.D. Pa. Nov. 13, 2025).

The Government also mentions in a footnote that it is appealing *Lopes De Andrade v. Director Philadelphia Field Office Immigration and Customs Enforcement, et al.*, No. 26-1454 (3d Cir.), and *Buele Morocho v. Warden Philadelphia FDC, et al.*, No. 26-1150 (3d Cir.), but those matters remain pending. *See* Letter from Andrew R. Fuchs, Assistant United States Attorney, to Judge John M. Gallagher (Apr. 23, 2026) (ECF No. 3).

2.      Mr. Soto Gonzalez is not subject to mandatory detention under 8 U.S.C. § 1225(b)(2);

3.      The Government shall **RELEASE** Mr. Soto Gonzalez from custody immediately and certify compliance with the Court's Order by filing an entry on the docket no later than **5:00 p.m. ET on April 24, 2026**;

4.      If the Government chooses to pursue re-detention of Mr. Soto Gonzalez pursuant to 8 U.S.C. § 1226(a), it must afford him the process due, including but not limited to a bond hearing upon his request, pursuant to 8 C.F.R. §§ 1236.1 (c)(8), (d)(1), etc.; and

5.      The Clerk of Court is **DIRECTED** to **CLOSE** this case.[2]

BY THE COURT:

_/s/ John M. Gallagher_
JOHN M. GALLAGHER
United States District Court Judge

---

Accordingly, Mr. Soto Gonzalez's mandatory detention without the opportunity for a bail hearing is unlawful.

[2] The Court shall retain jurisdiction of this matter for thirty (30) days unless otherwise ordered.